UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIEUTENANT BRETT J. OLMA, | : |
| Plaintiff, | : Civil Action No. 24-5654 (RK) (JTQ) |
| | : Member Case: 24-6407 (RK) (JTQ) |
| v. | : |
| TOWNSHIP OF PLAINSBORO, *et al.*, | : **MEMORANDUM OPINION** |
| | : **AND ORDER** |
| Defendants. | : |
| JOHN A. BRESNEN, | : |
| Plaintiff, | : |
| v. | : |
| TOWNSHIP OF PLAINSBORO, *et al.*, | : |
| Defendants. | : |

Plaintiffs seek to amend their Complaints to add a defendant and two new causes of action. Defendants argue that the proposed amendments are futile for both procedural and substantive reasons. The Court, however, is not persuaded that the amendments would fail on procedural grounds and Defendants' remaining objections contest facts and call for full-blown motion practice typically raised through a motion to dismiss. At this early stage, the Court cannot determine that Plaintiffs' proposed amendments are futile or otherwise legally insufficient.

For these reasons, and those that follow, the Court finds the amendment proper and grants Plaintiffs' motion.

I.  BACKGROUND

Plaintiffs Lieutenant Brett J. Olma ("Lieutenant Olma") and John A. Bresnen ("Lieutenant Bresnen") (together, "Plaintiffs") were both employees of the Township of Plainsboro Police Department. ECF No. 1 in 24-5654 ("Olma Compl.") ¶ 1; ECF No. 1. in 24-4607 ("Bresnen Compl.") ¶ 1. At the time the Complaints were filed, Lieutenants Olma and Bresnen had served in the rank of Lieutenant for approximately six and ten years, respectively. Olma Compl. ¶ 8; Bresnan Compl. ¶ 8. Plaintiffs claim that they were subjected to a hostile work environment and faced with harassment and retaliation for their legitimate complaints regarding violations of Township ordinances and Plainsboro Police Department Rules and Regulations and Collective Bargaining Agreement Provisions. Olma Compl. ¶ 9; Bresnan Compl. ¶ 9.

Specifically, Plaintiffs allege that defendants Township of Plainsboro, Mayor Peter A. Cantu, and Township Administrator Anthony Cancro (collectively, "Defendants")[1] orchestrated a plan to promote Eamon Blanchard ("Blanchard") to Chief of Police even though he was ineligible for the position. Olma Compl. ¶¶ 25-26, 28, 30; Bresnan Compl. ¶¶ 25-26, 28, 30. In March 2022, Blanchard was promoted to Lieutenant and in April 2022, Fred Tavener announced his plan to retire as the Chief of Police by the end of the year. Olma Compl. ¶¶ 16, 19; Bresnen Compl. ¶¶ 18-19. Blanchard was included in the formal announcement of the promotional process for Chief of Police despite the limited time he held the rank of Lieutenant. Olma Compl.

---

[1] Along with Eamon Blanchard, as set forth in Plaintiffs' proposed amendments.

2

¶ 30; Bresnen Compl. ¶ 29. Plaintiffs allege that General Order 1.2.7 requires a mandatory probationary period in the rank of Lieutenant prior to seeking promotion to Chief of Police. Olma Compl. ¶¶ 30-31; Bresnen Compl. ¶¶ 30-31. Yet, Plaintiffs contend that when they raised Blanchard's ineligibility, Cantu made clear that the Township Committee would change the Ordinance and elect whoever they wanted. Olma Compl. ¶ 29; Bresnen Compl. ¶ 28.

On or about August 26, 2022, Olma filed an official grievance on behalf of himself and Bresnen contesting Blanchard's eligibility for the promotional process for Chief of Police. Olma Compl. ¶ 34; Bresnen Compl. ¶ 33. On January 4, 2023, Plaintiffs submitted a Tort Claims Notice to the Township. Olma Compl. ¶ 44; Bresnen Compl. ¶ 44. Shortly thereafter, on January 12, 2023, Blanchard was named "Officer in Charge" by resolution; no promotional or selection process was announced for this position. Olma Compl. ¶ 47; Bresnen Compl. ¶ 45. On or about May 3, 2023, Blanchard completed his mandatory one-year probationary period as Lieutenant. Bresnen Compl. ¶ 46. Less than one month later, on June 1, 2023, Blanchard was promoted to Chief of Police over Plaintiffs despite their years of experience as Lieutenants. Olma Compl. ¶¶ 49-50; Bresnen Compl. ¶¶ 47-48. Thereafter, Olma's grievance was dismissed as moot because Blanchard had already been promoted to Chief of Police. Olma ¶ 52; Bresnen Compl. ¶ 49.

Plaintiffs' operative pleading raises claims for equal protection and due process violations, violations of the New Jersey Constitution and New Jersey Contentious Employee Protection Act ("CEPA"), breach of contract, and *Monell* liability. Olma

Compl. ¶¶ 53-69; Bresnen Compl. ¶¶ 50-77. Plaintiffs now seek to add facts to the Complaints about Blanchard submitting a confidential memorandum to Defendants that Plaintiffs contend contained defamatory statements about them. ECF No. 30-3 at 8-9, 15-16; ECF No. 31-1 at 16, 25-28. Based on the new facts, Plaintiffs also propose amending to include new causes of action for defamation and tortious interference with prospective economic advantage. *Id*.

Defendants object to Plaintiffs' proposed amendments on the basis of futility and contend that the additional causes of action would be subject to dismissal. ECF No. 32, Opposition Brief ("Opp. Br."). Defendants argue that the amendments will be barred by the statute of limitations and the Tort Claims Act ("TCA"). *Id*. at 12-13. Defendants further contest that Plaintiffs can prove defamation since Plaintiffs should be considered public figures and posit that Blanchard cannot be a defendant in a CEPA claim because he did not hold a position of authority. *Id*. at 14-15, 17-18. Defendants also contend that the memorandum is subject to conditional privilege. *Id*. at 15-17. Defendants fail to elaborate on this point or how it impacts the amendment analysis. In reply, Plaintiffs argue Defendants failed to demonstrate futility and the new claims are "facially viable." *See* ECF No. 35, Reply Brief ("Reply Br.").

## II. LEGAL STANDARD

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Holmes v. Christie*, 2023 WL 8016055, at *2 (D.N.J. Nov. 17, 2023). Rule 16 provides that once the deadline in a pretrial scheduling order lapses, it "may be

4

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party must, under Rule 16(b), demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Id*. at *3. "Whether Rule 16's good cause standard has been satisfied, and the ultimate determination whether to permit amendment under Rule 15, are decisions left to the Court's sound discretion." *Rx ReLeaf LLC v. Relief TMS LLC*, 2024 WL 4894768, at *2 (D.N.J. Nov. 26, 2024)

A determination of "good cause" under Rule 16 "depends on the diligence of the moving party." *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). Specifically, "the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met." *Id*. Critically, "[t]he mere absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Rx ReLeaf LLC*, 2024 WL 4894768 at *2.

If good cause is shown, the court turns to Rule 15. Pursuant to Federal Rule of Civil Procedure 15, once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the Third Circuit, "courts have 'consistently adopted a liberal approach to the allowance of amendments.'" *Elfar v. Twp. of Holmdel*, 2023 WL 4764776, at *3

5

(D.N.J. July 26, 2023) (quoting *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 369 (3d Cir. 2020)). Accordingly, leave to amend is freely given "unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotation marks omitted).

### III. ANALYSIS

For the reasons set forth herein, the Court finds the proposed amendments permissible under both Rule 16 and Rule 15. Plaintiffs have sufficiently demonstrated good cause, and Defendants have failed to show that the proposed amendments are futile.

#### A. Plaintiffs Have Demonstrated Good Cause Under Rule 16.

As an initial matter, the Court finds that good cause exists for amendment—a fact that Defendants do not dispute. Plaintiffs submit that they only learned of Blanchard's confidential memorandum when they received Defendants' document production on January 28, 2025.[2] ECF No. 30-1, Moving Brief ("Mov. Br.") at 4, 6.[3] Plaintiffs assert that they sought Defendants' consent to file an amended pleading two months after receiving the memorandum in the production. *Id.*

---

[2] Plaintiff Bresnen asserts that he received Blanchard's memorandum in Defendants' document production on January 24, 2025. Reply Br. at 10, 12. That Plaintiffs received their copies of the memorandum a few days apart does not impact the Court's analysis.

[3] The pages cited herein are those generated by PACER.

6

Under the Pretrial Scheduling Order entered on October 11, 2024, the Parties were to file "any motion to amend the pleadings or to join new parties" no later than February 3, 2025. ECF No. 20.[4] "If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion." *Rx ReLeaf LLC*, 2024 WL 4894768 at *3. Here, however, the Court finds that it would have been unreasonable for Plaintiffs to file a motion to amend in the three business days that fell between receiving Defendants' document production and the February 3 deadline. Indeed, Plaintiffs acted diligently in requesting Defendants' consent to amend on March 6 and seeking leave to file motions to amend on March 17. ECF No. 35, Reply Brief ("Reply Br.") at 6; ECF No. 24. Defendants have presented no evidence to suggest that permitting the requested amendment would delay the proceedings or cause them any prejudice.

Consequently, Plaintiffs have demonstrated good cause sufficient to conduct an analysis under Rule 15.

### B. Defendants Have Failed to Show Amendment Should Be Denied Under Rule 15.

Defendants contest Plaintiffs' proposed amendment on the basis of futility. *See, e.g.*, Opp. Br. at 12. Leave to amend may be denied where such amendment would be "futile, frivolous, or a waste of time," namely, "where the amendments would not

---

[4] Plaintiffs improperly refer to the deadline in the Joint Discovery Plan (ECF No. 17), February 1, 2025, but this two-day discrepancy does not change the Court's analysis.

withstand a motion to dismiss or, in other words, where the amendments fail to state a cause of action upon which relief could be granted." *Advanced Rehab., LLC v. Unitedhealth Grp., Inc.*, 2011 WL 5196258, at *2 (D.N.J. Oct. 31, 2011), *aff'd sub nom. Advanced Rehab., LLC v. UnitedHealthgroup, Inc.*, 498 F. App'x 173 (3d Cir. 2012). Accordingly, courts typically evaluate whether proposed amendments "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Amey v. Simon Konover Co.*, 2019 WL 13213054, at *2 (D.N.J. Aug. 6, 2019). However, while "tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims." *Vitaworks IP, LLC v. Qianjiang Yongan Pharm. Co.*, 2018 WL 10152229, at *2 (D.N.J. Nov. 5, 2018). Thus, "[i]f a proposed amendment is not **_clearly_** futile, then denial of leave to amend is improper." *Id.* (emphasis in original).

### i. Defendants' Procedural Objections Fail.

Defendants contend that the statute of limitations and the TCA bar Plaintiffs' proposed amendments. Opp. Br. at 12-13. The Court disagrees on both grounds and instead finds that neither procedural challenge is supported by fact or law.

### 1. Statute Of Limitations Does Not Bar Plaintiffs' Defamation Claim On Its Face.[5]

First, with little analysis, Defendants argue that Plaintiffs' defamation claim is barred by the one-year statute of limitations. Opp. Br. at 12. While such a bar would

---

[5] The Court is similarly unpersuaded by Defendants' single-line argument that "these claims" (presumably referring to the causes of action in Plaintiff's initial Complaints now brought against Blanchard as a new defendant with the proposed amendments) "fail as they were not asserted within the applicable statute of limitations." Opp. Br. at 18.

likely make a claim "patently frivolous or prohibited" and likely warrant a finding of futility, the statute of limitations is only appropriate where "the defense is obvious from the face of the complaint and no further factual record is required to be developed." *High 5 Games, LLC v. Marks*, 2017 WL 349375, at *5 (D.N.J. Jan. 24, 2017); *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010). And, here, the fact that Blanchard's memorandum was published on October 24, 2022, as alleged in the proposed amended complaints, is insufficient on its own to bar the claim. N.J.S.A.§ 2A:14-3; Opp. Br. at 12; Reply Br. at 10.

Rather, Plaintiffs argue that Defendants concealed Blanchard's defamatory memorandum. Reply Br. at 10. If Plaintiffs are able to make such a showing, the statute of limitations could be tolled, and the defamation claim would remain viable. This possibility means "the new defamation claim cannot now be deemed time-barred on its face." Reply Br. at 10-11; *see also Winters v. New Jersey*, 2018 WL 1665929, at *3 (D.N.J. Apr. 6, 2018) (finding statute of limitations for a defamation claim controls "unless an equitable tolling doctrine applies"); *Greco v. Laielli*, 2023 WL 2263530, at *6 (D.N.J. Feb. 28, 2023) (barring defamation claim noting that there were "no circumstances that would warrant equitable tolling").

Thus, with remaining fact questions, Defendants have failed to show that a defamation claim would be "***clearly*** futile." *Vitaworks IP, LLC*, 2018 WL 10152229 at *2 (emphasis in original). Consequently, the Court is unable at this stage to find that the statute of limitations bars Plaintiffs' proposed defamation claim on its face.

### 2. Plaintiffs Complied with the TCA.

Defendants' next procedural argument fares no better. The Court is not persuaded that Plaintiffs were obligated to amend their initial notice of tort claim to include a proposed new defendant and additional causes of action. Opp. Br. at 12-13. Defendants do not, and cannot, cite any law that would require such an amendment.

Indeed, the TCA requires that a claim include, "[a] general description of the injury, damage or loss incurred ***so far as it may be known at the time of presentation of the claim***," which Plaintiffs provided in their tort claims notices dated January 4, 2023 and December 20, 2022.[6] N.J.S.A. § 59:8-4 (emphasis added); ECF No. 35-1. And "name or names of the public entity, employee or employees causing the injury, damage or loss" are to be included in the notice "***if known***." N.J.S.A. § 59:8-4 (emphasis added). At the time Plaintiffs submitted the notices, Defendants had not yet produced Blanchard's memorandum so, although he was not yet identified as a defendant, Blanchard's involvement in the incidents was detailed in both notices. *See* ECF No. 35-1.

Defendants do not dispute that Plaintiffs submitted notices of claims within 90 days, as required by the TCA, N.J.S.A. § 59:8-8, just that they did not submit a "notice of tort claim concerning their new claims for Defamation and Tortious Interference" or "a notice of tort claim with respect to any action by Chief Blanchard." Opp. Br. at

---

[6] The Court need not address Plaintiffs' argument on their claim accrual date since it is undisputed that the initial tort claim notices were dated January 4, 2023 and December 20, 2022, which is within 90 days of Blanchard's memorandum dated October 24, 2022.

10

13. Defendants argue that this additional notice of tort claim "is required as the memorandum upon which their claims derive was drafted by Blanchard in his position as a police lieutenant, pertaining to actions of superior officers, and sent to the Township Council." *Id*. This rationalization is not clear nor is it supported by law.

The Court finds that Plaintiffs complied with the TCA by filing their initial notices. The Court is not aware of, nor do Defendants point to, any authority that would require (potentially limitless) TCA notice amendments where complaints in related lawsuits are amended. Rather, the language of the TCA itself makes clear that a notice is meant to provide information "as it may be known." N.J.S.A. § 59:8-4. And while "[a] public entity may by rule or regulation adopt forms specifying information to be contained in claims filed against it or its employee," there is no evidence that Defendants informed Plaintiffs of any such requirements here. N.J.S.A. § 59:8-6.

Accordingly, Defendants have failed to show that Plaintiffs' proposed amended pleadings would be futile for noncompliance with the TCA.

### ii. Defendants' Remaining Objections Are Better Suited For Consideration In Dispositive Motion Practice.

As explained above (*supra* Section III.B.), "while Rule 15 futility tracks Rule 12(b)(6), it does not contemplate full-blown motion practice on the merits of the claims." *Rx ReLeaf LLC*, 2024 WL 4894768 at *5. In other words, where "arguments in opposition to a motion to amend overlap significantly with arguments [typical of] a motion to dismiss, [i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis." *Myles v.*

11

*Securitas Sec. Servs., USA, Inc.*, 2025 WL 1431164, at *4 (D.N.J. May 19, 2025). Here, the objections to Plaintiffs' proposed pleadings would be better suited for consideration on a motion to dismiss.[7]

Rather than demonstrating that "it appears beyond doubt that" Plaintiffs "can prove no set of facts in support of [the] claim which would entitle [them] to relief," Defendants raise arguments that require analysis beyond the face of the proposed Amended Complaints. *Flick v. Mollica*, 2006 WL 8458079, at *2 (D.N.J. May 2, 2006). To be sure, Defendants' objections require fact-specific inquiries, including whether Plaintiffs will be able to prove publication was made with actual malice (Opp. Br. at 14-15), whether Blanchard's position allows him to be named in CEPA claims (*id.* at 17-18), and if the memorandum is subject to conditional privilege (*id.* at 15; Reply Br. at 17). These are fact disputes "not susceptible to an amendment analysis." *High 5 Games, LLC*, 2017 WL 349375 at *5.

## IV.  CONCLUSION AND ORDER

For the reasons set forth herein, Plaintiffs have shown good cause for amendment under Rule 16 and Defendants have failed to establish the futility of Plaintiffs' proposed amendments pursuant to Rule 15. Accordingly,

**IT IS** on this 14th day of August 2025,

**ORDERED** that Plaintiffs' motion for leave to amend the Complaints [ECF No. 30] is GRANTED; and it is further

---

[7] It appears that Defendants would not disagree with this conclusion as they include, without explanation, Federal Rue of Civil Procedure 12(b)(6) in the "Legal Standard" section of their brief. Opp. Br. at 11.

**ORDERED** that the Clerk is directed to terminate ECF No. 30.

_____
HON. JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF No. 30